IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-CR-30091-MJR ) |
| BRIAN MATTHEWS, | ) ) |
| Defendant. | ) |

**REQUEST AND MOTION FOR SPECIFIC
*KYLES* AND *BRADY* INFORMATION[1]**

*Introduction*

Comes now Defendant Brian Matthews, by his attorney, John D. Stobbs II, and pursuant to the dictates of Kyles v. Whitley, 115 S.Ct. 1555 (1995), Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 971 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, respectfully moves for an entry of an Order requiring the Government to disclose and provide, a reasonable time before trial, the following specific information and materials known or that with the exercise of due diligence should be known to the Government. This information is favorable to the Defendant on the issues of guilt or punishment, including impeachment information and other material and evidence tending to discredit the Government's witnesses, in addition to any other matters known to the Government that may be exculpatory or otherwise favorable to the Defendant.

---

[1] The undersigned realizes this Motion is unique, and is the first time in over a decade that he has specifically requested that he receive Brady material. However, in light of Exhibit A, it appears that the Government is following a strict Rule 16 discovery philosophy.

1

*Background*

On May 30, 2013 the Government indicated that it was sending to each Defendant their own post-arrest statement. That might be very well and good for purposes of Rule 16 or the *Jencks* Act, which are statutorily based discovery Rules. However, for purposes of Brady, Giglio and other Constitutionally protected discovery obligations, the Government ***must*** provide all statements if they contain Brady material.

For example, perhaps a witness makes a statement which is Brady material, yet the Government feels is protected by the *Jencks* Act. In that situation Brady (the Constitution) trumps *Jencks* (a statute). Similarly, if a co-defendant makes a statement which might not have to be disclosed under Rule 16 but constitutes Brady, it must be disclosed.

*Requested discovery*

The following documents and information regarding the cooperating witness(es), including co-Defendants, in this case, are requested:

1. The name and address of each cooperating witness;

2. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness;

3. The case number and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments

or rewards provided him by the Government, efforts made to induce others to participate in criminal activity, or other purported law enforcement related matters;

      4.    Any ledger, sheet, or other document which details the sums paid the cooperating witness or his family in this and other cases in which the informant assisted the Government and the purpose of each such payment;

      5.    Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend, or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward, in addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the Government witnesses, and records or information regarding payments, promises of immunity, leniency, preferential treatment afforded or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation;

      6.    Information concerning misconduct by the cooperating witness other than in his or her role as a cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

7. All information, records and transcripts which in any way indicate or reveal that any prospective Government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

   A. Any state or federal law enforcement officer or agency;

   B. Any state or federal grand jury;

   C. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding.

8. Any statement made, information or document provided by a prospective Government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) prior statement made by the same Government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness.

9. The name and current whereabouts of any witness to the underlying events of this case whom the Government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness.

10. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him or her without the authority or approval of the Government, but for which the Government has elected, formally or informally, not to prosecute;

11. FBI rap sheet, NCIC printout, NADDIS, EPIC. NLETS, ATS, TECS, and any other records available to the Government reflecting the arrest, conviction and investigative history of the cooperating witness;

12. Information concerning prior misconduct by the cooperating witness in the performance of his or her role as an informant including: any prior refusal of the informant to testify for or assist the Government; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation.

13. If given a polygraph exam, the results of any polygraph examination performed on any potential Government witness as well as any information concerning the failure of any potential Government witness to submit to a polygraph examination;

14. Any Government agency files or other information revealing matters relevant to the cooperating witness; credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

15. All information and records revealing any potential impairment of the capacity of any prospective Government witness to observe, recollect and testify about the events giving rise to the charges filed in this case including impairments of sight, hearing, memory, language, or any other physical or psychological disability;

16. All information and records indicating that any prospective Government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or

5

defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness, or defect at any time within the past five years;

17. All information and records indicating that the prospective Government witness (1) may have used cocaine, marijuana, another controlled substance, used alcohol to excess at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any substance abuse problem (including alcohol) at any time within the past five years.

WHEREFORE, Defendant respectfully moves the Court to grant the request herein.

                                            BRIAN MATTHEWS

                                            STOBBS LAW OFFICES

BY:
                /s/John D. Stobbs II
                John D. Stobbs II, No. 06206358
                Attorney for Defendant
                307 Henry St. Suite 211
                Alton, Illinois 62002
                Telephone: (618)462-8484
                FAX: (618)462-8585
                Email: jds2@stobbslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 28, 2013, a copy of the attached Motion was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Kit R. Morrissey
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208

STOBBS LAW OFFICES

/s/ John D. Stobbs II
307 Henry St. Suite 211
Alton, Illinois 62002



**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Southern District of Illinois*

Stephen R. Wigginton
United States Attorney

Nine Executive Drive
Fairview Heights, Illinois 62208

(618) 628-3700
FAX (618) 628-3772
TTY: (618) 628-3826

May 30, 2013

Mr. John D. Stobbs II
Attorney at Law
307 Henry Street, Suite 211
Alton, IL 62002

    Re:    United States v. Brian Matthews
           Criminal No. 13-CR-30091-04-MJR

Dear Mr. Stobbs:

    Enclosed please find copies of the recordings in this case. There are 40 recordings, a couple of which involve more than one disk. An index of the recordings is enclosed for your convenience. At this time, you are only being provided the post-arrest statement of your own client.

    Very truly yours,

    STEPHEN R. WIGGINTON
    United States Attorney

    KIT R. MORRISSEY
    Assistant United States Attorney

KRM:cmk

Enclosures

Exhibit A

| No. | Date | Description of recording | Audio/Visual |
|---|---|---|---|
| 1 | 04/04/13 | Buy of 5gg crack from Watson by UCA* | A/V |
| 2 | 04/05/13 | Buy of 28gg crack from Moore and A. Johnson by UCA | A/V |
| 3 | 04/09/13 | Buy of 7gg crack from Burns and Quinn by CI** | A/V |
| 4 | 04/11/13 | Buy of 56 gg crack from Moore and A. Johnson by UCA | A/V |
| 5 | 04/11/13 | Buy of 21 gg crack from Burns and Quinn by CI | A |
| 6 | 04/16/13 | UCA's meeting with Moore, Sawyer, and UI*** | A |
| 7 | 04/16/13 | UCV surveillance video of meeting this date | V |
| 8 | 04/16/13 | Burns and Quinn captured by gas station surveillance camera | V |
| 9 | 4/18/13 | UCA's meeting with Moore | A |
| 10 | 04/19/13 | UCA's meeting with Moore, UCAs 2 and 3 at Cahokia airport, Olive Garden restaurant, and St. Louis hotel | A |
| 11 | 04/19/13 | UCV**** surveillance video of meeting this date | V |
| 12 | 04/22/13 | UCA's meeting with Moore | A |
| 13 | 4/24/13 | UCA's meeting with Moore, Sawyer, and Matthews | A |
| 14 | 04/24/13 | UCV surveillance video of meeting this date | V |
| 15 | 04/24/13 | UCA's meeting with Moore and Ward | A |
| 16 | 04/25/13 | UCA's meeting with Moore | A |
| 17 | 04/25/13 | UCV surveillance video of meeting this date | V |
| 18 | 04/29/13 | UCA's meeting with Moore and Lauren LNU | A |
| 19 | 04/29/13 | UCV surveillance video of meeting this date | V |
| 20 | 04/30/13 | UCA's meeting with Moore, A. Johnson, J. Johnson, and Hill at St. Jacob airport | A |

| No. | Date | Description of recording | Audio/Visual |
|---|---|---|---|
| 21 | 04/30/13 | UCV surveillance video of meeting this date | A |
| 22 | 04/30/13 | Hangar surveillance cameras (6) of meeting this date | V |
| 23 | 04/30/13 | Hangar surveillance camera of meeting this date | V |
| 24 | 04/30/13 | Aerial surveillance of UC operation this date | V |
| 25 | 04/30/13 | UCA's meeting with Ward | A |
| 26 | 04/30/13 | UCV surveillance video of meeting this date | V |
| 27 | 05/03/13 | UCV surveillance video of UCA meeting with Moore and Jamison | V |
| 28 | 05/06/13 | UCA's meeting with Ward | A |
| 29 | 05/07/13 | Events leading to the arrests of Moore, A. Johnson, Matthews, Hill, Jamison, and Sawyer | A |
| 30 | 05/07/13 | Surveillance video of events this date (farthest camera) | V |
| 31 | 05/07/13 | Surveillance video of events this date (nearest camera) | V |
| 32 | 05/07/13 | Post-arrest interview of Moore | A/V |
| 33 | 05/07/13 | Post-arrest interview of A. Johnson | A/V |
| 34 | 05/07/13 | Post-arrest interview of Hill | A/V |
| 35 | 05/07/13 | Post-arrest interview of Matthews | A/V |
| 36 | 05/07/13 | Post-arrest interview of Jamison | A/V |
| 37 | 05/07/13 | Post-arrest interview of Sawyer | A/V |
| 38 | 05/07/13 | Transport of Moore and Hill | A/V |
| 39 | various | Telephone calls with Moore during course of investigation | A |
| 40 | various | Telephone calls with Ward during course of investigation | A |

*UCA = Undercover Agent
**CI = Confidential Informant
***UI = Unidentified Individual
***UCV = Undercover Vehicle